**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-11-233-PHX-DGC (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Mark Terrence Klos, | ) | |
| Defendant. | ) | |

  As the assigned Magistrate Judge on this indictment, the undersigned has received a felony plea referral from the assigned District Judge, the Honorable David G. Campbell. The referral cover sheet reflects "Defendant requests a VTC [video teleconference] plea hearing. Defendant lives in Florida." The undersigned's judicial assistant has also received e-mail exchanges between defense counsel, Craig Orent, and Sally Arvizu, the District of Arizona's Telecommunications Coordinator, in which Mr. Orent states "Judge Campbell has referred the matter to a magistrate judge to handle the change of plea. He agreed to a video plea as my client lives in Florida and has no transportation and cares for his two elderly, sickly parents." The April 29, 2013 text entry, however, does not support defense counsel's claim that Judge Campbell has approved "a video plea." (Doc. 89) ("[D]efense counsel request the change of plea hearing be held by phone, denied. Court will grant a 30 day continuance of trial. Matter will be referred to a Magistrate Judge for plea proceedings.")

**I. Procedural Rules**

  Federal Rule of Criminal Procedure 47(a) mandates "[a] party applying to the court

1   for an order must do so by motion." Rule 47(b) addresses the form and content of a motion
2   in a criminal case, requiring it "state the grounds on which it is based and the relief or order
3   sought." Rule 47(b), Fed.R.Crim.P. Like the district court noted in *United States v. Cheely*,
4   814 F.Supp. 1430, 1435 (D. Alaska 1992), Rule 47 "[g]ives trial judges substantial discretion
5   in adopting procedures governing motion practice. In this district, the court has exercised its
6   discretion in favor of very formal procedures." In a subsequent order in *Cheely*, the district
7   judge colorfully explained Rule 47 as requiring

> [t]he parties to put all of their cards on the table in their motion and responsive papers. Which cards must be played depends upon what is in issue. Criminal cases generate a number of boiler plate motions with programmed responses. Where, however, the moving party knows that her motion will generate a negative response and that facts and legal conclusions will be debated, a more formal motion and response are required.

12  *Id.* at 1448. The paramount, common sense purpose of proceeding by formal motion is to
13  provide all parties with due process notice and fair opportunity to be heard. *See Mullane v.*
14  *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and
15  fundamental requirement of due process in any proceeding . . . is notice reasonably
16  calculated, under all the circumstances, to apprise interested parties of the pendency of the
17  action and afford them an opportunity to present their objections.") Secondarily, formal
18  motions develop an adequate record for appellate or *de novo* review.

19         Regardless whether it is a criminal or civil case, the Rules of Practice for the United
20  States District Court for the District of Arizona ("Local Rules") require "[a]ll motions, unless
21  made during a hearing or trial, shall be in writing[]" and contain "[a] memorandum setting
22  forth the points and authorities relied upon in support of the motion." LRCiv 7.2(a), (b);
23  LRCrim 12.1(a). A district court's local rules are not petty requirements, and have "the force
24  of law." *Hollingsworth v. Perry*, 558 U.S. 183, ___, 130 S.Ct. 705, 710 (2010) (citation
25  omitted). They "are binding upon the parties and upon the court, and a departure from local
26  rules that affects substantial rights requires reversal." *Professional Programs Group v.*
27  *Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks
28  omitted).

**II. Discussion**

Presentation by e-mail to a judge's chambers that a guilty plea by video teleconference be set without a formal motion is inappropriate and procedurally improper, especially when the Federal Rules of Criminal Procedure do not expressly authorize a guilty plea by video teleconference. Defendant has not filed a formal motion requesting Defendant be allowed to enter a change of plea by video teleconference as required by Rule 47(a), Fed.R.Crim.P., and LRCiv 7.2(a). Even if the AUSA were copied on such an e-mail, having a record on this issue is especially important for maintaining an adequate record for appellate or *de novo* review. The Court will deny the informal request for a video teleconference plea hearing without prejudice.

Based on the foregoing,

**IT IS ORDERED** that Defendant's informal request for a video teleconference plea hearing is **DENIED** without prejudice. Defendant must proceed by formal motion with citations to relevant authorities as mandated by Rule 47, Fed.R.Crim.P., and LRCiv 7.2(a). If counsel still desires a video teleconference plea hearing, he must promptly move for such a change-of-plea hearing by formal motion as the current trial date is June 11, 2013.

Dated this 10th day of May, 2013.

Lawrence O. Anderson
United States Magistrate Judge