**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-11-233-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Mark Terrence Klos, | |
| Defendant. | |

This case arises on Defendant's Motion to Appear at and to Enter a Change of Plea by Video Teleconference, filed on May 13, 2013. (Doc. 93) As the assigned Magistrate Judge on the indictment, the Honorable David G. Campbell, United States District Judge, referred Defendant's change-of-plea proceeding to the undersigned Magistrate Judge, including resolution of the issue whether Defendant's guilty plea may be taken via video teleconference. (Doc. 92)  Because there is no federal procedural rule or other authority authorizing the taking a felony guilty plea by video teleconference and the procedural rules require a defendant's physical presence to plead guilty to a felony, Defendant's Motion will be denied.

**I. Background**

On February 9, 2011, a federal grand jury sitting in Phoenix, Arizona returned a two-count indictment against Defendant Mark Terrence Klos, alleging commission of the crime of Transmission of Threatening Communication in Interstate Commerce, in violation of 18 U.S.C. § 875(d). (Doc. 1)  The indictment alleges Defendant, on different dates in 2010 and

with the intent to extort money from "Persons A, B, and C," transmitted in interstate commerce, *i.e.*, an e-mail to a location in the District of Arizona, containing a threat to harm the reputation of Person B (the addressee) and Person C. (*Id.*) Title 18 U.S.C. § 875(d) instructs a person convicted under this subsection "[s]hall be fined under this title or imprisoned not more than two years, or both." Thus, Defendant is charged with two Class E felonies. *See* 18 U.S.C. § 3559(a)(5). According to the February 22, 2011 Pretrial Services Report, Defendant lives in Pompano Beach, Florida. (Doc. 6 at 1)

The docket indicates that after a number of continuances and despite an order authorizing Defendant's appearance for his initial appearance and arraignment by video teleconference pursuant to Rule 10(c), Fed.R.Crim.P., Defendant physically appeared in Phoenix on August 24, 2011. (Docs. 15-17, 30-31) On the same day, he was released on conditions with transportation expenses and subsistence funds pursuant to 18 U.S.C. § 4285 for his return to Florida. (Docs. 31-32) A jury trial is currently set for June 11, 2013. (Doc. 90) When defense counsel informally requested a change-of-plea hearing by video teleconference, the undersigned directed he proceed by formal motion with citations to relevant authorities as mandated by Rule 47, Fed.R.Crim.P., LRCrim 12.1(a), and LRCiv 7.2(a). (Doc. 91) Defense counsel promptly filed the subject Motion.

Defendant requests the Court permit him to appear at his anticipated change-of-plea hearing by video teleconference. (Doc. 93) Defendant explains he "resides in northern Florida and provides daily care for his elderly, sickly, disabled parents. . . he not only lacks the funds to travel to/from Arizona for the change of plea hearing, but a prolonged absence from his parents would seriously risk their well-being." (*Id.* at 1) Contrary to the Court's prior order and the District Court's Local Rules, no authority is cited that a felony plea may be taken by video teleconference from a location outside the prosecuting district.

## II. Federal Rules of Criminal Procedure

The Federal Rules of Criminal Procedure exclusively govern criminal proceedings in federal courts and have the force and effect of law. *See* Fed.R.Crim.P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts, the

United States courts of appeals, and the Supreme Court of the United States."); *United States v. Prieto-Villa*, 910 F.2d 601, 609 (9th Cir. 1990) (citations omitted). Rule 43, Fed.R.Crim.P., controls the circumstances under which a criminal defendant must be physically present in the courtroom. Rule 43 provides:

> (a) **When Required**. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:
>
>> (1) the initial appearance, the initial arraignment, *and the plea*;
>>
>> (2) every trial stage, including jury impanelment and the return of the verdict; and
>>
>> (3) sentencing.
>
> (b) **When Not Required**. A defendant need not be present under any of the following circumstances:
>
>> (1) Organizational Defendant. The defendant is an organization represented by counsel who is present.
>>
>> (2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence.
>>
>> (3) Conference or Hearing on a Legal Question. The proceeding involves only a conference or hearing on a question of law.
>>
>> (4) Sentence Correction. The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).

Rule 43(a)-(b), Fed.R.Crim.P. (emphasis added). Rule 5(f), however, authorizes a defendant to appear for his initial appearance by video teleconference "if the defendant consents." Similarly, Rule 10(c) allows a defendant to appear for his arraignment by video teleconference "if the defendant consents[,]" and there is compliance with the conditions set forth in Rule 10(b), Fed.R.Crim.P. There is no procedural rule or other federal authority allowing a defendant charged with a felony to plead guilty or be sentenced by video teleconference. As discussed below, the federal courts that have addressed this issue hold a defendant must be physically present at a felony plea and sentencing.

Federal Rule of Criminal Procedure 11(b)(1) requires that "[b]efore the court accepts

a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant *personally in open court.* . . ." (emphasis added). Rule 11(b)(2)also mandates that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant *personally in open court* and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement). . . ." (emphasis added). Presently, Rule 11 has no provision allowing video conferencing for felony guilty pleas even upon the consent all parties.

The Ninth Circuit's decision in *Valenzuela-Gonzalez v. United States Dist. Court for Dist. of Ariz.*, 915 F.2d 1276 (9th Cir. 1990) is instructive. There, the court found a violation of the Federal Rules of Criminal Procedure where video-conferencing was used in an arraignment, based on a combination of Rule 10's requirement that arraignments be held in "open court" and Rule 43's requirement that the defendant be "present"). Prior to the 2002 amendment of Rule 10, Fed.R.Crim.P., which now authorizes arraignments by video teleconference upon consent, the Ninth Circuit concluded "[R]ule 43 requires that the defendant be present at all stages of the trial, *the plea* and sentencing. . . Absent a determination by Congress that closed circuit television may satisfy the presence requirement of the rules, we are not free to ignore the clear instructions of Rules 10 and 43." 915 F.2d at 1281 (emphasis added). Admittedly, Valenzuela-Gonzalez did not consent to waiving his physical appearance and here Defendant Klos agrees to do so, the court made clear "[t]he plain language of the rules must be followed." *Id.*; *see also United States v. Torres-Palma*, 290 F.3d 1244, 1248 (10th Cir. 2002) (holding that video-conferencing at sentencing violated Rule 43); *United States v. Lawrence*, 248 F.3d 300, 303 (4th Cir. 2001) (same) ("[D]ictionaries confirm that presence means physical presence."); *United States v. Navarro*, 169 F.3d 228, 235–39 (5th Cir. 1999) (same); *but see Navarro*, 169 F.3d at 240-41 (Politz, J., dissenting) (arguing that Rule 43 permits sentencing by video-conference). Notably, Rule 11 was not amended in 2002, in order to permit a defendant to agree to enter a felony guilty plea by video conference.

In *United States v. Wise*, 489 F.Supp.2d 968 (D. S.D. 2007), the district court denied

1   the defendant's motion for permission to not be personally present in South Dakota and

2   appear from Kentucky at his felony change-of-plea hearing by video conference. In *Wise*, the

3   defendant was charged with two counts of felony failure to pay child support obligations, 18

4   U.S.C. § 228(a)(3). Despite noting several good reasons to justify a felony plea by video

5   teleconference, the district court concluded that "[u]nless and until Rule 43 is amended to

6   allow video conferencing in felony plea and sentencing hearings, or unless and until the

7   Eighth Circuit Court of Appeals approves of this practice, this Court cannot ignore the plain

8   language of the Rule, notwithstanding all parties agreeing to allow video conferencing when

9   the Rule does not do so." *Id.* at 971 (citing, *inter alia*, *United States v. Melgoza*, 248

10  F.Supp.2d 691, 692 (S.D. Ohio 2003) (denying defendants' motions to enter felony guilty

11  pleas in Ohio prosecution by video conference from Arizona)).

12  **III. Discussion**

13          Defendant has presented valid reasons for wanting to remain in Florida and avoid the

14  necessity and expense of traveling to Phoenix to enter his felony guilty plea. Nevertheless,

15  the Court is without the discretion and authority to permit him to plead guilty by video

16  teleconference. The current Federal Rules of Criminal Procedure, the Ninth Circuit Court of

17  Appeals in *Valenzuela-Gonzalez*, and every federal court that has addressed this precise issue

18  uniformly prohibit taking a felony guilty plea by video conference from a different judicial

19  district. "Absent a determination by Congress that [video teleconferencing] may satisfy the

20  presence requirement of the rules," federal courts in the Ninth Circuit "[a]re not free to ignore

21  the clear instructions" of Rule 43. *Valenzuela-Gonzalez*, 915 F.2d at 1281. As the district

22  court in *Wise* noted, "[T]he rule [43(a)] does not establish the right of a defendant to be

23  present, but rather affirmatively requires presence." *Wise*, 489 F.Supp.2d 970 (quoting *In re

24  United States*, 784 F.2d 1062, 1062-1063 (11th Cir. 1986)).

25  **IV. Conclusion**

26          In light the language of Rule 43(a)(1), Fed.R.Crim.P., and the instruction of the Ninth

27  Circuit in *Valenzuela-Gonzalez*, the Court concludes that it is without authority to permit

28  Defendant to enter a felony guilty plea by way of video conference. Perhaps the parties may

consider other avenues to resolve Defendant's travel issues from Florida to Arizona for a guilty plea and subsequent sentencing, such as, a transfer of this case to Florida or resolution of this case by a non-felony disposition. *See* Rules 20, Fed.R.Crim.P.,[1] (authorizing transfer of federal criminal proceedings solely for the purpose of pleading guilty and imposing a sentence from one district to another); 43(b)(2).

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Appear at and to Enter a Change of Plea by Video Teleconference, doc. 93, is **DENIED**.

Dated this 20th day of May, 2013.

Lawrence O. Anderson
United States Magistrate Judge

---

[1] Federal Rule of Criminal Procedure 20(a) provides as follows:

A prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present if:

(1) the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and

(2) the United States attorneys in both districts approve the transfer in writing.

Rule 20(a), Fed.R.Crim.P.